**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **5:26-CR-00357-1**

**LANE FRANK WALKER NIETO**

**<u>O R D E R</u>**

Before the Court is the United States of America's ("the Government") Motion for Stay of Order Setting Bond and Motion for Revocation of Order of Release on Bond. *ECF No. 27*. On August 4, 2026, the Court held a hearing ("the Hearing") on the Motion. Min. Ent. Aug. 4, 2026. For the reasons set forth below, the Court **GRANTS** the Government's Motion, (*ECF No. 27*).

**BACKGROUND**

On June 15, 2026, Defendant was arrested and charged by Complaint with Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o). *ECF No. 27*. On June 30, 2026, the Magistrate Judge conducted a detention hearing and ordered Defendant released to a halfway house. *Id*. The Magistrate Judge stayed the order at that time with the understanding the Government would pursue the Motion pending before the Court. *Id*. at 2–3. The Government's Motion identifies five transactions in which Defendant sold machine gun conversion devices ("MCDs"). *Id*. at 2–3. Officers arrested Defendant en route to complete a sixth transaction. *Id*.

The following is a list of the transactions.

- On February 26, 2026 in Universal City, Texas, in the Western District of Texas, the UC and Defendant exchanged the following two firearms for $1,100: a Glock 23, .40 caliber pistol, serial number NWD859, with an attached Glock Switch (MCD), and a Smith and Wesson, model M&P 15, .22 caliber pistol, serial number DZA8104. During the above purchase, the defendant explained to the UC how to install an MCD to a Glock pistol. He further explained the MCD made the firearm a fully functioning machine gun.

- On March 2, 2026, the defendant sold the UC a Ghost gun, 9mm AR pistol, no serial number, with an installed 3D printed MCD AR Auto Sear, and a Palmetto State Armory, model PA-15, .300 caliber short-barreled rifle, serial number SCNL705458, with installed 3D printed MCD AR Auto Sear. The barrel of the Palmetto measures lass than 16 inches.

- On March 6, 2026, the defendant sold the UC five 3D printed MCD AR Auto Sears.

- On March 11, 2026, the defendant sold the UC twenty 3D printed MCD AR Auto Sears.

- On June 1, 2026, the defendant sold the UC eight 3D printed MCD AR Auto Sears.

- On June 15, 2026, the defendant was arrested while in route to sell the UC 130 machine gun conversion devices that he manufactured on a 3D printed he received at his residence. Law enforcement recovered 130 machine gun conversion devices hidden in the speaker system of the vehicle. A search of his residence, pursuant to a federal search warrant, yielded a 3D printer in the process of printing 28 MCD AR Auto Sears, a Glock pistol with an attached silencer, a Taurus pistol, a Palmetto pistol, a Draco pistol, and an AR-pistol.

*Id*. at 2–3. A total of one-hundred-and-ninety-four (194) MCDs were recovered. *Id*. at 3.

On August 4, 2026, the Court held a *de novo* hearing ("the Hearing") at which ATF Special Agent Daniel Huber testified. Min. Ent. Aug. 4, 2026. Prior to the Hearing, the Court reviewed the transcript from the June 30, 2026, hearing before the Magistrate Judge. The Court also reviewed the pretrial services report prepared in connection with this case.

The Government seeks an order from this Court revoking the Magistrate Judge's Order releasing Defendant with conditions pending trial.

## LEGAL STANDARD

### I. Standard of Review

Under 18 U.S.C. § 3145(a)(1), the Government may file with the district court a motion to revoke a magistrate judge's order releasing a defendant pending trial. The district court reviews a motion to revoke a detention order *de novo* and "must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*¸ 974 F.2d 580, 585 (5th Cir. 1992). A District Court has discretion to "support what the magistrate [judge] has actually ordered with additional findings based on its independent consideration of the record before the magistrate [judge] and the additional evidence adduced before it." *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).

### II. The Bail Reform Act

The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. A judge may order a defendant detained pending trial based on a finding that the Government has established by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), (2); *see also Rueben*, 974 F.2d at 586 ("For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required.").

Section 3142(g) of the act requires a court to consider the following factors in determining whether a person poses a flight risk or a danger to the community:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence;

(3) the defendant's history and characteristics, including, among other things, his family ties, length of residence in the community, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *see also United States v. Acosta-Leyva*, 751 F. App'x 594, 595 (5th Cir. 2019) (per curiam).

**ANALYSIS**

**I. Flight Risk and Danger to the Community**

The Court first notes Defendant is facing significant punishment in the event he is found guilty of the crimes charged in the Indictment.[1] *See ECF No. 14*.

At both the June 30, 2026, and August 4, 2026, hearings, ATF Special Agent Dan Huber ("Huber") testified. Huber testified agents were investigating a series of Facebook group chats which discussed the sale of firearms, including stolen firearms and machine guns. Aug. 4, 2026, Transcript at 4:8–15. These chats lead to the series of transactions listed above. Defendant ultimately purchased his own 3D printer to increase his efficiency in providing MCDs to purchasers and remove any intermediaries in the process.

[1] According to the Indictment on file when the Court conducted its *de novo* hearing, Defendant faced: (1) two counts of firearm trafficking, in violation of 18 U.S.C. § 933(a)(3), with a maximum term of confinement of fifteen years for each count; (2) three counts of possession of a machine gun and aiding and abetting, in violation of 18 U.S.C. § 922(o) and 18 U.S.C. § 2, with a maximum term of confinement of ten years for each count; (3) three counts of possession of a machine gun and aiding and abetting, in violation of 18 U.S.C. § 922(o), with a maximum term of confinement of ten years for each count; (4) two counts of possession of unregistered short barrel rifles, in violation of 26 U.S.C. § 5861, with a maximum term of confinement of ten years for each count; and (5) one count of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), with a maximum term of confinement of ten years. The original Indictment was filed on July 1, 2026. A Superseding Indictment was filed on August 5, 2026. The Court considered the maximum punishment reflected in the original Indictment in resolving the pending motion.

On June 15, 2026, Texas Department of Public Safety troopers stopped Defendant and searched his vehicle pursuant to a search warrant. *Id*. at 17:9–23. Officers found one-hundred-and-thirty (130) AR MCDs in the right speaker of the subwoofer sound system. *Id*. Officers also conducted a search of Defendant's residence and observed a 3D printer actively printing MCDs. *Id*. at 18:8–18. The printer produced twenty-eight (28) MCD auto sears when the printing process ended. An ATF specialist conducted a review of the MCDs and determined all of the devices were machine guns. *Id*. at 18:22–24.

When the conduct alleged in the Indictment occurred, Defendant was on bond for an aggravated robbery charge. A Bexar County grand jury returned an Indictment in that matter on September 17, 2025. A Bexar County pretrial services officer filed a violation report in the 144th Judicial District Court based upon Defendant's charges in the current federal case.

The federal pretrial services report also reflects Defendant has a pending Willacy County deadly conduct charge. A warrant was issued for Defendant's arrest because he failed to appear. The state court judge recalled the warrant when Defendant retained counsel. Defendant also has pending charges in Comal County for deadly conduct and unlawfully carrying a weapon. He was on bond in those cases when the events in this federal case occurred.

Defendant's actions while on bond for his pending state cases show he will not comply with court-ordered conditions. He has previously failed to appear for a court hearing and allegedly committed other criminal offenses while on bond.

His conduct in this pending federal case is also incredibly dangerous. Coordinating the sale of MCDs or manufacturing MCDs for sale are inherently dangerous acts. MCDs allow semiautomatic firearms to be converted into fully automatic firearms. Officers obtained a total of one-hundred-and-ninety-four (194) MCDS from Defendant's activities in this case.

Therefore, Defendant is a flight risk and danger to the community, and no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**CONCLUSION**

Therefore, the Court **ORDERS** that the Government's Motion for Stay of Order Setting Bond and Motion for Revocation of Order of Release on Bond are **GRANTED**.

The Court further **ORDERS** that United States Magistrate Judge's June 30, 2026, Order releasing Defendant is hereby **REVOKED**.

It is so ORDERED.
SIGNED this 1st day of October, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE